IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24-27-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| CARLUS LEE JONES, | |
| Defendant. | |

## I.  Synopsis

Defendant Carlus Lee Jones (Jones) has been accused of violating the conditions of his supervised release. (Doc. 32).  Jones admitted the alleged violation.  Jones' supervised release should be revoked.  Jones should be placed in custody until July 10, 2026, at 11:00 a.m., with 30 months of supervised release to follow.  During the term of his supervised release, as soon as a placement is available, Jones shall reside in a residential re-entry center for a period of up to 364 days at the direction of his probation officer.

1

## II.  Status

On October 22, 2025, Jones plead guilty to the offense of Assault with a Dangerous Weapon, in violation of 18  U.S.C §§ 1153(a) and 113(a)(3) as set forth in Count 2 of the Indictment. (Doc. 21).  The Court sentenced Jones to Time Served, with three years of supervised release to follow. (Doc. 24).  Jones's current term of supervised release began on February 17, 2026.

**Petition**

On  May 14, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Jones' supervised release. (Doc. 32). The Petition alleged that Jones had violated the conditions of his supervised release by: (1) failing to report to the probation office within 72 hours of his release from custody of the Cascade County Detention Center.

**Initial appearance**

Jones appeared before the Court on May 18, 2026.  Jones was represented by counsel. Jones stated that he had read the Petition and that she understood the allegations against him.  Jones waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

2

**Revocation hearing**

The Court conducted a revocation hearing on May 18, 2026.  Jones admitted that he had violated the conditions of his supervised release as set forth in the Petition.  Jones' violation is serious and warrants revocation of his supervised release. The Court continued Jones' sentencing until June 2, 2026 at 10:00 a.m., which was subsequently continued to June 24, 2026.

**Sentencing Hearing**

Jones appeared before the Court on June 24, 2026. Jones' violations are Grade C.  Jones' criminal history category is I.  Jones' underlying offense is a Class C felony.  Jones could be incarcerated for up to 24 months.  Jones could be ordered to remain on supervised release for 36 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Jones' supervised release should be revoked.  Jones shall be sentenced to custody until July 10, 2026, at 11:00 a.m., with 30 months of supervised release to follow.  During the term of his supervised release, as soon as a placement is available, Jones shall reside in a residential re-

3

entry center for a period of up to 364 days at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Jones that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Jones of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Jones that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  Jones waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

That CARLUS LEE JONES has violated the conditions of his supervised release by: (1) failing to report to the probation office within 72 hours of his release from custody of the Cascade County Detention Center.

The Court **RECOMMENDS**:

That the District Court revoke Jones' supervised release and sentence Jones to custody until July 10, 2026, at 11:00 a.m., with 30 months of supervised release to follow.  During the term of his supervised release, as soon as a placement is available, Jones shall reside in a residential re-entry center for a period of up to 364 days at the direction of his probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of June 2026.

John Johnston
United States Magistrate Judge