IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLUS LEE JONES,<br><br>Defendant. | CR 24-27-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Carlus Lee Jones (Jones) has been accused of violating the conditions of his supervised release. (Doc. 47). Jones admitted the alleged violations. Jones' supervised release should be revoked. Jones should be placed in custody until November 24, 2026, at 9:00 a.m., with 28 months of supervised release to follow. During the term of his supervised release, Jones shall reside in a residential re-entry center for a period of up to 364 days at the direction of his probation officer. Jones' supervised release conditions shall include the added condition that Jones take his medication as prescribed.

## II. Status

On October 22, 2025, Jones plead guilty to the offense of Assault with a Dangerous Weapon, in violation of 18 U.S.C §§ 1153(a) and 113(a)(3) as set forth in Count 2 of the Indictment. (Doc. 21). The Court sentenced Jones to Time Served, with three years of supervised release to follow. (Doc. 24). Jones's current term of supervised release began on July 10, 2026.

**Petition**

On October 27, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Jones' supervised release. (Doc. 47). The Petition alleged that Jones had violated the conditions of his supervised release by: (1) consuming alcohol on October 27, 2026; and (2) using marijuana on or about October 27, 2026.

**Initial appearance**

Jones appeared before the Court on November 5, 2026. Jones was represented by counsel. Jones stated that he had read the Petition and that she understood the allegations against him. Jones waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on November 5, 2026. Jones admitted that he had violated the conditions of his supervised release as set forth in the Petition. Jones' violations, 1-2, are serious and warrants revocation of his supervised release.

**Sentencing Hearing**

Jones appeared before the Court on November 5, 2026. Jones' violations are Grade C. Jones' criminal history category is I. Jones' underlying offense is a Class C felony. Jones could be incarcerated for up to 24 months. Jones could be ordered to remain on supervised release for 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Jones' supervised release should be revoked. Jones shall be sentenced to custody until November 24, 2026, at 9:00 a.m., with 28 months of supervised release to follow. During the term of his supervised release, as soon as a placement is available, Jones shall reside in a residential re-entry center for a period of up to 364 days at the direction of his probation officer. Jones' supervised release conditions shall include the added condition that Jones

take his medication as prescribed. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Jones that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Jones of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Jones that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Jones waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

That CARLUS LEE JONES has violated the conditions of his supervised release by: (1) consuming alcohol on October 27, 2026; and (2) using marijuana on or about October 27, 2026.

The Court **RECOMMENDS**:

That the District Court revoke Jones' supervised release and sentence Jones to custody until November 24, 2026, at 9:00 a.m., with 28 months of supervised release to follow. During the term of his supervised release, as soon as a placement is available, Jones shall reside in a residential re-entry center for a period of up to 364 days at the direction of his probation officer. The Court further recommends that Jones' supervised release conditions include the added condition that Jones take his medication as prescribed.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 5th day of November 2026.

John Johnston
United States Magistrate Judge